### IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
### DIVISION OF ST. THOMAS AND ST. JOHN

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 3:22-cr-0030 |
| **TYREE MORTON,** | ) |
| **Defendant.** | ) |

### ORDER

**BEFORE THE COURT** is the United States' ("Government") Unopposed Motion for Extension of Time to Respond to the Motion to Suppress and to Continue the Trial currently scheduled for November 7, 2022. For the reasons stated herein, the Court will grant the motion. The time to respond to Defendant's motion to suppress is extended up to and including November 24, 2022. The time to try this case is extended up to and including April 11, 2023.

On October 25, 2022, the Government filed the instant motion seeking a continuance of the trial, and a thirty (30) day extension to respond to Defendant Tyree Morton's ("Morton") Motion to Suppress Statements. (ECF No. 8.) The Government avers that its motion should be granted because "[t]he parties are currently engaged in plea negotiations," and counsel for the defendant does not oppose either the extension of time to respond to the motion or the continuance of trial. *Id.*

The Government goes on to assert that Defendant's pending motion to suppress will likely only be resolved after the Court has conducted a hearing in this matter, and also notes that if a hearing is scheduled, the time from the filing of the instant motion until the hearing will be excluded from the Speedy Trial Clock. *Id.*

Additionally, the Government mentions that there are currently other criminal cases scheduled for trial on November 7, 2022. *Id.* Lastly, the Government states that it filed a brief in an unrelated case in the Third Circuit on October 17, 2022, and also has another Third Circuit brief due on October 25, 2022, in another unrelated matter. *Id.*

While the Speedy Trial Act requires that defendants be tried within seventy days of indictment, the Court specifically finds that extending this period would be in the best interest of justice to allow the parties time to conduct plea negotiations and to allow the Government time to adequately prepare for trial.

Consistent with these concerns, the United States Court of Appeals for the Third Circuit has recognized that "whether or not a case is 'unusual' or 'complex,' an 'ends of justice' continuance may in appropriate circumstances be granted." *United States v. Fields*, 39 F.3d 439, 444 (3d Cir. 1994) (finding that the district court had properly granted an "ends of justice" continuance to "permit plea negotiations to continue"); *United States v. Gutierrez*, 351 F. App'x 697, 699 (3d Cir. 2009) (upholding a continuance where "[p]lea negotiations were ongoing and . . . appeared to be progressing toward a nontrial disposition"); *see also United States v. Dota*, 33 F.3d 1179, 1184 (9th Cir. 1994) ("An ends of justice continuance may be justified on grounds that one side needs more time to prepare for trial [even if the] case [i]s not 'complex.'"); *United States v. Lattany*, 982 F.2d 866, 883 (3d Cir. 1992) ("[T]he district court did not abuse its discretion when it delayed the trial to give counsel . . . opportunity to . . . decid[e] upon and prepar[e] an appropriate defense."); *United States v. Clark*, 577 F.3d 273, 279 (5th Cir. 2009) (upholding, *inter alia*, a continuance granted because the trial date conflicted with a trial that the Government was prosecuting in another city for which continuity of counsel was "extremely important").

The premises considered, it is hereby

**ORDERED** that the United States' Unopposed Motion for Extension of Time to Respond to the Motion to Suppress and to Continue the Trial, ECF No. 8, is **GRANTED**; it is further

**ORDERED** that the current October 25, 2022 deadline for the United States to respond to Defendant's Motion to Suppress Statements, ECF No. 7, is hereby **EXTENDED** up to and including November 24, 2022; it is further

**ORDERED** that the time beginning from the date of this order granting an extension for trial through April 11, 2023, **SHALL** be excluded in computing the time within which the trial in this matter must be initiated pursuant to 18 U.S.C. § 3161; it is further

**ORDERED** that the parties **SHALL** file and serve a pre-trial brief no later than March 31, 2023, which shall include the following: (a) proposed list of witnesses; (b) proposed list of exhibits; (c) estimated length of case-in-chief and case-in-defense; (d) proposed non-standard *voir dire* questions; and (e) proposed non-standard jury instructions related to the elements of the charges and defenses; it is further

**ORDERED** that the parties **SHALL** provide the Clerk of Court with a USB Flash Drive containing electronic versions of exhibits no later than April 5, 2023;[1] and it is further

**ORDERED** that the Jury Selection and Trial in this matter **SHALL** commence promptly at 9:00 a.m. on April 11, 2023, in St. Thomas Courtroom 1.

**Dated:** October 25, 2022                                /s/ *Robert A. Molloy*
                                                          **ROBERT A. MOLLOY**
                                                          **Chief Judge**

---

[1] Counsel are advised to consult with Court technical staff to determine the proper format for saving electronic versions of exhibits. The Government's trial exhibits shall be labelled sequentially beginning with Government Exhibit 1. Defense's exhibits shall be labelled sequentially beginning with Defense Exhibit A.