## DISTRICT COURT OF THE VIRGIN ISLANDS
## DIVISION OF ST. THOMAS AND ST. JOHN

UNITED STATES OF AMERICA,      )
                                   )
            Plaintiff,      )
                                   )
            v.           )     Case No. 3:22-cr-0030
                                   )
TYREE MORTON,            )
                                   )
            Defendant.     )
                                   )

## ORDER

**BEFORE THE COURT** is Defendant's Motion to Suppress Statements filed on October 11, 2022. (ECF No. 7.) Defendant Tyree Morton ("Morton") seeks to suppress statements he made to Homeland Security Investigations ("HSI") agents while he was interrogated "behind locked doors which he could not open," on February 19, 2022. (*Id.* at 2.) Defendant argues that "[u]nless and until the government demonstrates that Mr. Morton knowingly, intelligently and voluntarily waived his *Miranda* rights, any statement made by him must be suppressed." (*Id.* at 4.)

The Government opposes the motion, contending that Defendant was interviewed by HSI, "was read his Miranda warnings," and "signed a written waiver of his rights and agreed to speak with law enforcement," which was recorded on the audio-taped interview. (ECF No. 11 at 1-2.) The Government argues that Defendant "has not made the necessary allegations to shift the burden to the Government on either the *Miranda* or the voluntariness issue." (*Id.* at 2.)

In *United States v. Hines*, 628 F.3d 101 (3d Cir. 2010), the Third Circuit explained:

> Rule 12(b)(3)(C) of the Federal Rules of Criminal Procedure permits defendants to file "motions to suppress evidence" before trial, but evidentiary hearings on such motions are not granted as a matter of course. *See* Rule 12(c) (the court "may" schedule a motion hearing). To require a hearing, a suppression motion must raise "issues of fact material to the resolution of the defendant's constitutional claim." *United States v. Voigt,* 89 F.3d 1050, 1067 (3d Cir. 1996). A motion to suppress requires an evidentiary hearing only if the motion is sufficiently specific, non-conjectural, and detailed to enable the

*United States of America v. Morton*
Case No. 3:22-cr-0030
Order
Page **2** of **2**

      court to conclude that (1) the defendant has presented a colorable constitutional claim, and (2) there are disputed issues of material fact that will affect the outcome of the motion to suppress. *See id.* at 1067 (stating a claim is "colorable" if it consists "of more than mere bald-faced allegations of misconduct"); [*United States v. Brink,* 39 F.3d 419, 424 (3d Cir. 1994)] (requiring an evidentiary hearing when a defendant states a colorable claim that the government obtained evidence by violating his constitutional rights). At bottom, the purpose of an evidentiary hearing in the context of a suppression motion is to assist the court in ruling upon a defendant's specific allegations of unconstitutional conduct—its purpose is not to assist the moving party in making discoveries that, once learned, might justify the motion after the fact. To require an evidentiary hearing, a defendant's suppression motion therefore must set forth and identify for the court specific and concrete "issues of fact material to the resolution of the defendant's constitutional claim." *Voigt,* 89 F.3d at 1067.

*Id.* at 105.

      In his motion, Defendant does not allege any facts that would rise to a constitutional violation. Defendant simply argues, in a conclusory fashion, that his rights were violated, and it is the Government that has the burden of establishing that adequate *Miranda* warnings were given and that he made a knowing, intelligent, and involuntary waiver of his rights. Asserting that Defendant's statement was involuntary without providing specific, non-conjectural, and detailed support for that assertion in his motion, as required to warrant an evidentiary hearing is not sufficient to grant the motion. *See United States v. Stoddart*, 48 Fed. App'x 376, 380-81 (3d Cir. 2002) (opining that "a district court may deny a motion to suppress without a hearing when the defendant fails to provide a factual basis for the hearing and merely relies upon the government's 'burden of proof to establish adequate *Miranda* warnings.'"). Simply stated, Defendant has not raised a colorable claim by alleging facts that, if true, would demonstrate that the Government violated his constitutional rights.

      Accordingly, for the reasons stated above, it is hereby

      **ORDERED** that Defendant's Motion to Suppress Statements, ECF No. 7, is **DENIED.**

**Dated:** January 5, 2023

                                     */s/ Robert A. Molloy*
                                     **ROBERT A. MOLLOY**
                                     **Chief Judge**